**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Jeffrey M. Rosenfeld (Cal. Bar No. 222187)
Margarita Calpotura (Cal. Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiff
ANN JENKINS and ERNEST F. JENKINS, JR.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN JENKINS, an individual, and ERNEST F. JENKINS, JR., an individual, Plaintiffs, vs. MOD.COM, an Internet domain name, Defendant. | Case No. C07-03112 JSW<br><br>DECLARATION OF MARGARITA CALPOTURA IN SUPPORT OF AMENDED REQUEST TO ENTER DEFAULT |

I, Margarita Calpotura, declare the following:

1. I am an attorney with Kronenberger Burgoyne, LLP, counsel to plaintiffs Ann Jenkins and Ernest F. Jenkins, Jr. ("Plaintiffs") in this action. I have personal knowledge of the facts stated herein and could competently testify thereto.

### Background

2. Plaintiffs filed an *in rem* cybersquatting complaint on June 13, 2007 based on allegations that the current owner of the domain name MOD.COM (the "Disputed Domain") stole the Disputed Domain from Plaintiffs on January 19, 2007. The owner of the Disputed Domain is located in the United Kingdom, and the true identity of the current owner of the Disputed Domain is in question.

### Notice Required under 15 U.S.C. Section 1125(d)(2)(A)

3. As required by the statute, on May 16, 2007, our office sent a demand letter to the registrant of MOD.COM, to the email and postal contact information provided publicly by Defendant's registrar. The demand letter notified the owner of MOD.COM of Plaintiffs' ownership of the MOD trademark, and Plaintiffs' intent to proceed against MOD.COM should the owner of MOD.COM refuse to transfer the Disputed Domain to Plaintiffs. A true and correct copy of the demand letter is attached hereto as Exhibit A. A true and correct copy of the MOD.COM WHOIS record is attached hereto as Exhibit B.

4. Plaintiffs received no response to its demand letter, and on June 13, 2007, Plaintiffs filed their Complaint for Cybersquatting *In Rem* ("Complaint") in this action, claiming that the registrant of the MOD.COM domain name engaged in cybersquatting in violation of Section 43 of the Lanham Act. 15 U.S.C. Section 1125(d)(2)(A).

### The Plaintiffs Have Properly Brought this Action *In Rem* and Have Properly Served Defendant under the Statute

5. The Lanham Act allows a trademark owner to bring an *in rem*

cybersquatting action against the domain name itself, when personal jurisdiction does not exist over the registrant of the infringing domain name, or when the trademark owner cannot locate the individual who would have been the defendant. In such *in rem* actions, the Lanham Act explicitly delineates alternative service of process requirements, as detailed *infra*.

**A.  For *In Rem* Actions Under the Lanham Act, Where Personal Jurisdiction Does Not Exist or a Defendant Cannot Be Located, Sending a Notice of the Alleged Violation and Intent to File an *In Rem* Action to the Registrant of the Disputed Domain Name, At the Postal and Email Address Provided By the Registrant to the Registrar, <u>Constitutes Service of Process</u>.**

6.  Section 43 of the Lanham Act provides three procedural requirements of bringing an *in rem* action against the infringing domain name.

7.  First, the plaintiff must show that subject matter jurisdiction is proper in the district where the action is brought. The Lanham Act expressly provides for jurisdiction in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located. 15 U.S.C. § 1125(d)(2)(A). Here, the registry for the Disputed Domain is Verisign, Inc., which has its principal place of business in Mountain View, California, which is located in this judicial district.

8.  Second, the plaintiff must establish either that it is unable to obtain *in personam* jurisdiction over the defendant where the suit is brought, **or** through due diligence, the plaintiff was unable to find a person who would have been a defendant. 15 U.S.C. § 1125(d)(2)(A). According to the Lanham Act, a diligent effort consists of sending a notice of the alleged violation and intent to file an *in rem* action to the registrant of the domain name at the postal and email address provided by the registrant to the registrar, and, if ordered by the court, publishing notice after filing the action. 15 U.S.C. § 1125(d)(2)(A). Here, the registrant of the MOD.COM domain name resides in Great Britain with no known ties to California; thus, personal jurisdiction does not exist. Furthermore, as described in more detail below, Plaintiffs made several efforts to find and

contact the registrant at the provided postal and email addresses, yet received no response.

9. Third, the plaintiff must show that it has affected service of process. Sending a notice of the alleged violation and intent to file an *in rem* action to the registrant of the domain name at the postal and email addresses provided by the registrant to the registrar, and if ordered by the court, publishing notice of the action at the court's direction, constitutes service of process. 15 U.S.C. § 1125(d)(2)(B). Here, as described in further detail below, Plaintiffs sent a demand letter and thereafter sent the Complaint and Summons (several times) to the registrant's publicly provided postal and email addresses.

**B. Plaintiffs Complied With the Service Requirements Under the Lanham Act By Sending a Demand Letter and a Copy of the Complaint and Summons to the Postal and Email Address Provided by the Registrant of MOD.COM.**

10. On May 16, 2007, our office sent a demand letter via Registered International Mail and email to the registrant of MOD.COM, to the contact information provided publicly by Defendant's registrar. The demand letter provided notice to the owner of MOD.COM of Plaintiffs' intent to proceed *in rem* against MOD.COM under 15 U.S.C. Section 1125(d)(2)(A).

11. Plaintiffs received no response to its demand letter, and on June 13, 2007, Plaintiffs filed their Complaint, claiming that the registrant of the MOD.COM domain name engaged in cybersquatting in violation of 15 U.S.C. Section 1125(d)(2)(A).

12. On June 22, 2007, Plaintiffs served the Complaint and Summons on the registrant of the Defendant domain name via Registered International Mail and email at the contact information provided publicly by Defendant's registrar, pursuant to the service requirement under 15 U.S.C. Section 1125(d)(2)(A).

13. Filed with the Court on July 12, 2007 and July 13, 2007 as Documents 5 and 7 on the online Pacer docket, is a true and correct copy of the Proof of Service and supporting document, evidencing service as described in Paragraph 12.

14. The package served on the registrant of the Defendant domain name was not returned to Plaintiffs due to an inability to deliver it, and Plaintiffs have no reason to believe that the registrant did not receive the Complaint and Summons.

15. On July 13, 2007, Plaintiffs filed a Request to Enter Default since no party, including the registrant of the Defendant domain name, had filed an answer, made an appearance, or filed any other responsive pleading in the Action at that date.

16. On or about July 23, 2007, I spoke to an employee of the Court in the Office of the Clerk of Court regarding the Request to Enter Default, and I was informed that the Court requires proof that the Complaint and Summons were delivered before entering default against a Defendant. On or about July 26, 2007, I again spoke to an employee of the Court in the Office of the Clerk of Court, and I informed her that our office sent the Complaint and Summons to the registrant of the Defendant domain name via Registered International Mail and email, at the contact information provided publicly by Defendant's registrar pursuant to Section 43 of the Lanham Act; however, the registrant of the Defendant domain name failed to sign the return receipt for the package, depriving us of proof of delivery.

17. On or about July 27, 2007, I spoke to another employee of the Court in the Office of the Clerk of Court, regarding the Request to Enter Default, and explained that Section 43 of the Lanham Act, 15 U.S.C. Section 1125(d), has no proof of delivery requirement in order to proceed in an *in rem* action, and that the only requirement is to send the registrant of the disputed domain name notice of the trademark owner's intent to proceed under the Lanham Act, via postal mail and email.

18. Despite Plaintiffs' compliance with the service requirements of the Lanham Act, on August 1, 2007, the Clerk of the Court declined default as to Defendant.

**C.  Plaintiffs Went Beyond the Service Requirements of the Lanham Act By Sending the Registrant of MOD.COM a Copy of the Complaint and Summons Via Federal Express.**

19. Although not required by the Lanham Act, in a good faith effort to address the Court's concerns, on August 10, 2007, our office re-served the Complaint and

Summons on the registrant of the Defendant domain name via Federal Express to the contact information provided publicly by Defendant's registrar.

20. Filed with the Court on September 4, 2007 as Document 12 on the online Pacer docket, is a true and correct copy of the Proof of Service, evidencing service as described in Paragraph 19. As reflected in Exhibit A to the Proof of Service, the Federal Express package was delivered on August 13, 2007 to the address provided by the registrant of the Defendant domain name. The Federal Express shipment tracking results confirms that the package containing the Complaint and Summons was actually delivered.

21. Despite being placed on notice, several times, of the action against the MOD.COM domain name, no party, including the registrant of the Defendant domain name, has filed an answer, made an appearance, or filed any other responsive pleading in the Action to date.

22. Accordingly, Plaintiffs respectfully request that default be entered against Defendant, as Defendant has indicated no interest in defending the action.

23. The registrant of the Defendant domain name is not an infant, incompetent person, or a person in military service or otherwise exempted from default judgment under Soldiers' and Sailors' Civil Relief Act of 1940.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: September 28, 2007

/s/
Margarita Calpotura

No. C07-03112 JSW

6

DECL. OF M. CALPOTURA IN SUPPORT OF AMENDED REQUEST TO ENTER DEFAULT