**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Jeffrey M. Rosenfeld (Cal. Bar No. 222187)
Margarita Calpotura (Cal. Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiffs
ANN JENKINS and ERNEST F. JENKINS, JR.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**ANN JENKINS,** an individual, and **ERNEST F. JENKINS, JR.,** an individual,

Plaintiffs,

vs.

**MOD.COM**, an Internet domain name,

Defendant.

Case No. C07-03112 JSW

**PLAINTIFFS' CASE MANAGEMENT STATEMENT**

Date: November 2, 2007
Time: 1:30 p.m.
Courtroom 2
The Honorable Jeffrey S. White

Pursuant to the Federal Rule of Civil Procedure ("Rule") 26(f), and Local Rule for the Northern District of California ("Local Rule") 16-9, Plaintiffs ANN JENKINS and ERNEST F. JENKINS, JR. ("Plaintiffs") submit this Case Management Statement and Proposed Case Management Order, and request the Court to adopt it as the Case Management order in this case, pursuant to Rule 16 and Local Rule 16-10(b).

Because the registrant of the defendant domain name MOD.COM ("Defendant") has failed to make an appearance in this action, it is unknown whether Defendant—if any—is represented by counsel; therefore, Plaintiff submits a separate case management statement pursuant to Local Rule 16-9(a).

## JURISDICTION AND SERVICE

This case involves the ***theft of the domain name MOD.COM*** from its rightful owners, the Plaintiffs. This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331 (federal question jurisdiction), as Plaintiffs' claims arise under the Lanham Act, 15 U.S.C. §1125.

This Court also has *in rem* jurisdiction over the defendant domain name MOD.COM under the Lanham Act. The Lanham Act expressly provides for *in rem* jurisdiction in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name at issue is located. 15 U.S.C. § 1125(d)(2)(A). Here, the registry for the MOD.COM domain name (the "Disputed Domain") is Verisign, Inc., which has its principal place of business in Mountain View, California, which is located in this judicial district.

The Lanham Act permits a trademark owner to bring an *in rem* cybersquatting action against the domain name itself, when personal jurisdiction does not exist over the registrant of the infringing domain name, or when despite due diligence, the trademark owner cannot locate the individual who would have been the defendant. Under the Lanham Act, a diligent effort consists of sending a notice of the alleged violation and intent to file an *in rem* action to the registrant of the domain name at the postal and email

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

address provided by the registrant to the registrar, and, if ordered by the court, publishing notice after filing the action. 15 U.S.C. §1125(d)(2)(A). Here, the registrant of the MOD.COM domain name resides in Great Britain with no known ties to California; thus, personal jurisdiction does not exist. Furthermore, as described below, Plaintiffs have made several diligent efforts to find and contact the registrant at the provided postal and email addresses, yet received no response.

In such *in rem* actions, the Lanham Act explicitly delineates alternative service of process requirements, which Plaintiffs have complied with, as detailed below.

Supplemental jurisdiction over claims arising under the laws of the State of California is conferred upon the Court under 28 U.S.C. §1367 (supplemental jurisdiction).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## FACTS

In 1994, Plaintiffs—and Plaintiffs' predecessor-in-interest in the Disputed Domain, Advanced Modular Solutions, Inc. ("AMS")—registered the domain name MOD.COM and set up an Internet website at this domain name. At the time, AMS was developing and marketing a suite of products and services including video streaming, video conferencing systems, web and media caching, fault-tolerant servers, storage systems, and computer consulting services. Beginning in 1994, AMS began offering its products and services under the MOD trademark and began featuring its projects on its MOD.COM website. During this time, the MOD.COM website was frequently visited by customers and those interested in AMS's ongoing projects and development.

In December 2005 AMS transferred the domain name MOD.COM, the trademark MOD, and all of AMS's other intellectual property and goodwill associated with this intellectual property to a newly formed company, Modular Services, LLC ("Modular Services"). Modular Services engaged in the same type of business as AMS, and it maintained the MOD.COM website in the same manner, featuring the company's ongoing projects and research. Modular Services also continued to use the MOD trademark in connection with its business.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

In December 2006, Modular Services transferred the domain name MOD.COM and the trademark MOD, and all of the goodwill associated with these trademarks to Plaintiffs. After this transfer was completed in December 2006, and until the Disputed Domain was misappropriated in January 2007, Plaintiffs continued to maintain an Internet website visited by thousands of Internet users each month. Plaintiffs and their predecessors-in-interest used the domain name MOD.COM, and the MOD trademark, continuously from 1994 until the unauthorized transfer of MOD.COM on January 19, 2007.

On January 19, 2007 an unknown person unlawfully accessed Plaintiffs' Network Solutions account for MOD.COM, and through Plaintiffs' Internet Service Provider, authorized the transfer of MOD.COM from Network Solutions to Tucows, Inc., without Plaintiffs' knowledge or consent. Either through this unlawful transfer, or through a subsequent transfer, current registrant Mortgages on Demand and/or Robert Pooke obtained wrongful possession of the MOD.COM domain name. Plaintiffs have made multiple attempts to contact Mortgages on Demand and Robert Pooke using the contact information in the WHOIS database.[1] Plaintiffs have sought to make Mortgages on Demand and Mr. Pooke aware that Plaintiffs are the lawful owners and registrants of the MOD.COM domain name, and that their use of the domain name is unlawful. Plaintiffs have received no response to their efforts to contact Mortgages on Demand and Robert Pooke.

Mortgages on Demand is currently using the Disputed Domain to generate affiliate revenue from pay-per-click advertisements served by the Google, Inc.'s AdSense service. Through this process, Mortgages on Demand Limited is enjoying a continuous revenue stream based on the goodwill that Plaintiffs and their predecessors-in-interest generated for the MOD.COM domain name and the MOD trademark. Mortgage on Demand's use of the MOD.COM domain name, and the operation of its website located

[1] The WHOIS database is a database of contact information for the owners of domain names.

at MOD.COM, has caused confusion in the marketplace, as evidenced by, among other evidence, Plaintiffs' customers mistaken belief that Mortgage on Demand's current website, located at MOD.COM, is controlled by Plaintiffs. Thus, Plaintiffs' clients have mistakenly associated the website located at MOD.COM with Plaintiffs, Plaintiffs' MOD trademark, and Plaintiffs' MOD.COM Website.

On May 16, 2007, counsel for Plaintiffs sent a demand letter to the registrant of MOD.COM, to the email and postal contact information provided publicly by the Disputed Domain's registrar. The demand letter notified the owner of MOD.COM of Plaintiffs' ownership of the MOD trademark, and Plaintiffs' intent to proceed against MOD.COM should the owner of MOD.COM refuse to transfer the Disputed Domain to Plaintiffs.

Plaintiffs received no response to its demand letter, and on June 13, 2007, Plaintiffs filed their Complaint for Cybersquatting *In Rem* ("Complaint") in this action, claiming that the registrant of the MOD.COM domain name engaged in cybersquatting in violation of Section 43 of the Lanham Act. 15 U.S.C. Section 1125(d)(2)(A).

On June 22, 2007, Plaintiffs served the Complaint and Summons on the registrant of the Disputed Domain name via Registered International Mail and email at the contact information provided publicly by the Disputed Domain's registrar, pursuant to the service requirement under 15 U.S.C. Section 1125(d)(2)(A).

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**POSTURE OF CASE**

On July 13, 2007, Plaintiffs filed a Request to Enter Default because no party, including the registrant of the Defendant domain name, had filed an answer, made an appearance, or filed any other responsive pleading in this action as of that date. On or about July 23, 2007, counsel for Plaintiffs spoke to an employee of the Court in the Office of the Clerk of Court regarding the Request to Enter Default, and was informed that the Court requires proof that the Complaint and Summons were delivered before entering default against a Defendant. On August 1, 2007, the Clerk of the Court declined to enter default.

In a good faith effort to address the Court's concerns, on August 10, 2007, counsel for Plaintiffs re-served the Complaint and Summons on the registrant of the Disputed Domain name via Federal Express to the contact information provided publicly by the Disputed Domain's registrar. The Federal Express package was delivered on August 13, 2007 to the address provided by the registrant of the Disputed Domain name.

Despite being placed on notice, several times, of the action against the MOD.COM domain name, no party, including the registrant of the Disputed Domain, has filed an answer, made an appearance, or filed any other responsive pleading in the Action to date.

Accordingly, on September 28, 2007 Plaintiffs filed an Amended Request to Enter Default, which is currently pending.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## LEGAL ISSUES

1. Whether Defendant's actions constitute cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)(2).
2. Whether Plaintiff is entitled to default and default judgment.

## MOTIONS

On September 28, 2007, Plaintiffs filed an Amended Request to Enter Default (the "Request"). The Request is pending, as no ruling has been issued regarding Plaintiffs' Request.

## AMENDMENT OF PLEADINGS

Plaintiffs do not anticipate adding or dismissing claims, or amending the pleadings.

## EVIDENCE PRESERVATION

Plaintiffs will take diligent efforts to preserve evidence relevant to the issues evident in this action.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**DISCLOSURES**

The parties have not exchanged initial disclosures.  Plaintiffs are prepared to serve all parties with their initial disclosures.

**DISCOVERY**

The parties have conducted no discovery to date and have no discovery underway.  Plaintiffs anticipate that the bulk of the evidence to be sought in discovery will be in electronic form.

Plaintiffs propose the following discovery plan, <u>if default judgment is not entered against Defendant</u>:

1.    Plaintiffs will seek discovery on, among other matters, the following subjects:  Use of the Disputed Domain and the Mark, profits from the use of the Disputed Domain and the Mark, and websites owned by or affiliated by parties who have used the Disputed Domain and the Mark.

2.    There is a maximum of 25 interrogatories by each party to any other party, and responses are due 30 days after service.

3.    There is a maximum of three (3) depositions by Plaintiffs and three (3) by Defendant.

4.    Each deposition, other than of Mortgages on Demand Limited, Robert Pooke, Ann Jenkins, and Ernest Jenkins, is limited to a maximum of four (4) hours unless extended by agreement by the parties.

5.    All discovery will be completed by March 31, 2008.

6.    Plaintiffs should be allowed until February 28, 2008 to join additional parties and until February 28, 2008 to amend the pleadings.

7.    Reports from retained experts under Rule 26(a)(2) are due March 30, 2008.

8.    All potentially dispositive motions should be filed by May 6, 2008.

9.    Supplementations under Rule 26(e) are due May 20, 2008.

10.   Final lists of witnesses and exhibits under Rule 26(a)(3) should be due May

20, 2008. Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

11. The parties request a pretrial conference on June 16, 2008.

12. This case should be ready for trial by June 24, 2008, and at this time is expected to take approximately four (4) days.

13. Settlement is likely and may be enhanced by use of an Early Neutral Evaluation.

14. Plaintiffs do not request a conference with the Court before entry of the scheduling order.

**CLASS ACTIONS**

N/A

**RELATED CASES**

N/A

**RELIEF**

As set forth in its Complaint, Plaintiffs seek:

1. A preliminary and permanent injunction and judgment ordering the transfer of the registration and control of the MOD.COM domain name to Plaintiffs; and

2. Such other and further relief as the Court may deem just and proper.

**SETTLEMENT AND ADR**

There have been no ADR efforts to date, but Plaintiffs are willing to participate in Early Neutral Evaluation if this case is not resolved by entry of default judgment. It is unclear at this time what key discovery or motions are necessary to position the parties to negotiate a resolution.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs consent to the assignment of this case to a United States Magistrate Judge for trial.


**OTHER REFERENCES**

The case is unsuitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.


**NARROWING OF ISSUES**

Without conducting further research and discovery, Plaintiffs are unable to identify any issues that can be narrowed by agreement or by motion, make suggestions on how to expedite the presentation of evidence at trial, or identify any issues, claims or defenses that can be bifurcated.


**EXPEDIATED SCHEDULE**

This case is unsuitable for an expedited schedule.


**SCHEDULING**

Plaintiffs propose the following dates:

1.      Discovery cutoff:  March 31, 2008.

2.      Deadline to designate experts:  April 30, 2008.

3.      Deadline for hearing dispositive motions:  June 13, 2008.

4.      Pretrial conference:  June 16, 2008.


**TRIAL**

If this case is not resolved by the entry of default judgment, Plaintiffs request a jury trial, and request a trial date on June 24, 2008.  Plaintiffs expect that the trial will last for four (4) days.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs have filed the "Certification of Interested Entities or Persons" required by Local Rule 3-16. Counsel of record for Plaintiffs certify that no persons or entities other than that of the named parties to the action have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

DATED: October 30, 2007

**KRONENBERGER BURGOYNE, LLP**

By: ___________/s/________________

Margarita Calpotura

Attorneys for Plaintiff, ANN JENKINS and ERNEST F. JENKINS, JR.

**CASE MANAGEMENT ORDER**

Plaintiffs' Case Management Statement and Proposed Case Management Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED.**

Dated:______________

____________________________________

Hon. Jeffrey S. White

United States District Court Judge