**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Jeffrey M. Rosenfeld (Cal. Bar No. 222187)
Margarita Calpotura (Cal. Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158

Attorneys for Plaintiffs
ANN JENKINS and ERNEST F. JENKINS, JR.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANN JENKINS,** an individual, and **ERNEST F. JENKINS, JR.,** an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> **MOD.COM**, an Internet domain name, <br><br> Defendant. | Case No. C07-03112 JSW <br><br> **PLAINTIFFS' REQUEST FOR FINDING OF LACK OF PERSONAL JURISDICTION OVER DOMAIN NAME REGISTRANT AND EFFECTIVE NOTICE THEREON** |

1   Pursuant to the Court's Civil Minute Order dated November 2, 2007, Plaintiffs Ann
2   Jenkins and Ernest F. Jenkins, Jr. ("Plaintiffs") hereby submit Plaintiffs' Request for
3   Finding of Lack of Personal Jurisdiction Over Domain Name Registrant and Effective
4   Notice Thereon

## INTRODUCTION

Plaintiffs brought this lawsuit to recover the domain name MOD.COM. However, the registrant of the defendant domain name, Mortgages On Demand Limited (Mortgages on Demand"), does not have sufficient minimum contacts with California to subject it to general or specific personal jurisdiction. Nevertheless, under the Lanham Act, *in rem* jurisdiction is proper over the defendant domain name, MOD.COM, precisely because no personal jurisdiction exists for Mortgages on Demand.

Mortgages on Demand resides in Great Britain. Plaintiffs have not located any property owned by Mortgages on Demand or any business conducted by Mortgages on Demand in California or any other location in the United States. While Mortgages on Demand maintains and operates a passive website at MOD.COM (the "Mod Website"), the Mod Website does not target or solicit any business from California residents. Accordingly, there is no evidence that Mortgages on Demand had such "continuous and systematic" contacts with California required for general jurisdiction. Likewise, there is no basis for asserting specific jurisdiction over the Mortgages on Demand in California, because the actions giving rise to Plaintiffs' claims—namely the wrongful registration and use of the domain name MOD.COM—occurred in Great Britain. Accordingly, under the Lanham Act, *in rem* jurisdiction is proper over the defendant domain name.

## BACKGROUND

On, June 13, 2007, Plaintiffs filed this *in rem* cybersquatting action against the domain name MOD.COM (the "Disputed Domain"). The Disputed Domain is registered with the registrar Tucows, Inc. ("Tucows"), located in Canada. According to Tucow's

1  WHOIS record for the Disputed Domain, the registrant of the Disputed Domain is
2  Mortgages On Demand Limited, located at Cartref Garden Road, Bromley, Kent, United
3  Kingdom BR1 3LU, Great Britain.  (Declaration of Margarita Calpotura In Support of
4  Plaintiffs' Requisite Findings Regarding Lack of Personal Jurisdiction Over Defendant
5  ("Calpotura Decl.") ¶2 Ex. A.)  The listed Administrative Contact and Technical Contact
6  for the Disputed Domain is Robert Pooke, located at the same address.  (*Id*.)

7  On May 16, 2007, counsel for Plaintiffs sent a demand letter to Mortgages on
8  Demand at the email and postal contact information listed in the WHOIS record.  (*Id.* ¶5.)
9  The demand letter notified Mortgages on Demand of Plaintiffs' ownership of the MOD
10 trademark, and Plaintiffs' intent to proceed against the Disputed Domain should
11 Mortgages on Demand refuse to transfer the Disputed Domain to Plaintiffs.  (*Id*.)

12 Plaintiffs received no response to their demand letter, and on June 13, 2007,
13 Plaintiffs filed their Complaint for Cybersquatting *In Rem* (the "Complaint") in this action,
14 claiming that Mortgages on Demand had engaged in cybersquatting in violation of
15 Section 43 of the Lanham Act.  15 U.S.C. §1125(d)(2)(A).  (Calpotura Decl. ¶6.)

16 On June 22, 2007, Plaintiffs served the Complaint and Summons on Mortgages
17 on Demand via Registered International Mail and email at the contact information
18 provided publicly by the Disputed Domain's registrar, pursuant to the service requirement
19 under 15 U.S.C. Section 1125(d)(2)(A).  (Calpotura Decl. ¶¶7-8.)

20 On July 13, 2007, Plaintiffs filed a Request to Enter Default because no party—
21 including Mortgages on Demand—had filed an answer, made an appearance, or filed
22 any other responsive pleading in this action as of that date.  (*Id*. ¶9.)  On or about July
23 23, 2007, counsel for Plaintiffs spoke to an employee of the Court in the Office of the
24 Clerk of Court regarding the Request to Enter Default, and was informed that the Court
25 required additional proof that the Complaint and Summons were delivered before
26 entering default against a defendant.  (*Id.* ¶10.)

27 In a good faith effort to address the Court's concerns, on August 10, 2007,
28 counsel for Plaintiffs re-served the Complaint and Summons on Mortgages on Demand

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

via Federal Express, at the contact information provided publicly by the Disputed Domain's registrar. (*Id.* ¶¶11-12.) The Federal Express package was delivered on August 13, 2007 to the address provided by the registrant of the Disputed Domain, and Federal Express has provided confirmation of the delivery. (*Id.*)

Despite being placed on notice, several times, of the action against the Disputed Domain, no person has filed an answer, made an appearance, or filed any other responsive pleading in the Action to date. (*Id.* ¶13.)

## ARGUMENT

### A. Plaintiffs Have Properly Brought this Action *In Rem*.

The Lanham Act allows a trademark owner to bring an *in rem* cybersquatting action against the domain name itself, when personal jurisdiction does not exist over the registrant of the infringing domain name, or when the trademark owner cannot locate the individual who would have been the defendant. In such *in rem* actions, the Lanham Act explicitly delineates alternative service of process requirements. Section 43 of the Lanham Act provides three procedural requirements for bringing an *in rem* action against the infringing domain name. First, the plaintiff must show that it has effected service of process. 15 U.S.C. §1125(d)(2)(B). Second, the plaintiff must establish either that it is unable to obtain *in personam* jurisdiction over the defendant, or the plaintiff was unable to find a person who would have been a defendant. 15 U.S.C. §1125(d)(2)(A)(ii)(I). Third, the plaintiff must show that subject matter jurisdiction is proper in the district where the action is brought. 15 U.S.C. §1125(d)(2)(A).

#### 1. Plaintiffs Have Effected Proper Service of Process.

Plaintiffs have gone beyond the requirements of the Lanham Act in serving the registrant of the Disputed Domain. Sending a notice of the alleged violation and intent to file an *in rem* action to the registrant of the domain name at the postal and email addresses provided by the registrant to the registrar, and if ordered by the court,

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  publishing notice of the action at the court's direction, constitutes effective service of
2  process. 15 U.S.C. §1125(d)(2)(B).  On June 22, 2007, Plaintiffs served the Complaint
3  and Summons on Mortgages on Demand via Registered International Mail and email at
4  the contact information provided publicly by the Disputed Domain's registrar.  (Calpotura
5  Decl. ¶¶7-8.)  On August 10, 2007, counsel for Plaintiffs re-served the Complaint and
6  Summons on Mortgages on Demand via Federal Express to the contact information
7  provided publicly by the Disputed Domain's registrar.  (*Id.* ¶¶11-12.)  The Federal
8  Express package was delivered on August 13, 2007 to the address provided by the
9  registrant of the Disputed Domain.  (*Id*. Ex. D.)  Thus, Plaintiffs have effected service of
10 process on the registrant of the Disputed Domain.

11     Where the domain name registrant has received actual notice of the intent to file
12 an *in rem* action, any further notice by publication would be superfluous.  *See Yahoo!,*
13 *Inc. v. Yahooahtous.com*, No. 1:05cv1441, 2006 WL 2303166, *3 (E.D. Va. Aug. 8, 2006)
14 (internal quotations omitted).  "Thus, where a plaintiff has sent copies of the relevant
15 pleadings by e-mail and regular mail to the domain name registrants pursuant to subpart
16 (aa), it is entirely consistent with the [Lanham Act]'s purpose to waive the publication
17 requirement."  *Id.*  In fact, the Lanham Act "does not require proof of receipt of these
18 communications by the registrants." *Id.*  Any further publication requirement "would be
19 excessive and wasteful." *Id.*

20     Because Plaintiffs have now twice served Mortgages On Demand and have
21 produced confirmation of its receipt of this notice Plaintiffs have complied with the service
22 provisions of the Lanham Act.  Accordingly, any additional notice or publication
23 requirements would be "excessive and wasteful."

25  **2. Plaintiffs Are Unable to Obtain *In Personam* Jurisdiction Over the Registrant of the MOD.COM Domain Name.**

27  In order to bring an *in rem* action, the plaintiff must establish either that it is unable
28 to obtain *in personam* jurisdiction over the defendant where the suit is brought, **or**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

through due diligence, the plaintiff was unable to find a person who would have been a defendant. 15 U.S.C. §1125(d)(2)(A). According to the Lanham Act, a diligent effort consists of sending a notice of the alleged violation and intent to file an *in rem* action to the registrant of the domain name at the postal and email address provided by the registrant to the registrar, and, if ordered by the court, publishing notice after filing the action. *Id*. As described above, Plaintiffs have made several efforts to find and contact the registrant at the provided postal and email addresses, yet have received no response.

Personal jurisdiction over a defendant is proper if it is permitted by the state's long-arm statute and if the exercise of jurisdiction does not violate federal due process. *See Fireman's Fund Ins. Co. v. Nat. Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). The California long-arm statute is coextensive with federal due process requirements. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). For a court to exercise jurisdiction over a defendant, due process requires that the defendant have such minimum contacts with the forum state such that the assertion of jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945).

Personal jurisdiction can either be general or specific. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). To establish general jurisdiction, the defendant's activities in the forum state must be substantial or continuous and systematic, and can be exercised even if the cause of action at issue in the suit arises out of the activity wholly unrelated to the defendant's contacts with the forum state. *Id.* at 415; *Bancroft & Masters, Inc. v. Augusta National, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). To establish specific jurisdiction, a plaintiff must show that the defendant purposefully availed itself of the privilege of conducting business within the forum state, and that the court's exercise of jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice. *See Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 108-09 (1987).

1    The Ninth Circuit employs a three-part test to analyze whether a defendant's minimum contacts comply with the due process requirements.  A defendant has sufficient minimum contacts when (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (2) the claim arises out of or results from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).  All three requirements must be satisfied, or "jurisdiction in the forum would deprive the defendant of due process of law."  *Id.* at 1155; quoting *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 2000).

### a. Plaintiffs' Burden In Establishing Lack of Personal Jurisdiction

Under 15 U.S.C. Section 1125(d)(2)(A)(ii), a plaintiff bears the burden of a lack of personal jurisdiction by a preponderance of the evidence.  *Hi-Rise Technology, Inc. v. Amatuerindex.*com, No. C07-349MJP, 2007 WL 1847249, *3 (W.D. Wa. June 27, 2007). Such evidence may include demonstrating that the website at issue is a passive website, which is insufficient to support personal jurisdiction.  *Id.* at *4.  Other evidence may include reasonable efforts undertaken by the plaintiff to obtain information regarding the registrant's business activities and contacts with the forum.  *Id.*  As Plaintiffs detail below, the preponderance of this type of evidence demonstrates that no personal jurisdiction exists over Mortgages On Demand.

### b. Mortgages on Demand Did Not Purposefully Avail Itself of the Privileges of Conducting Activities In California

To satisfy the first prong of the minimum contacts test, a person must have purposefully availed itself of the privilege of conducting activities in California by invoking the benefits and protections of the laws of the forum, or purposefully directed activities toward California.  *Pebble Beach*, 453 F.3d at 1155.

Here, the registrant of the Disputed Domain, Mortgages on Demand Limited, and the administrative/technical contact of the Disputed Domain, Robert Pooke, are domiciled in Great Britain. Despite diligent efforts to obtain information about Mortgages On Demand's contacts with California, Plaintiffs have not discovered any property, offices, employees, or agents for service of process in California or anywhere else in the United States. (Calpotura Decl. ¶¶2-3 Ex. B.) Prior to filing the Complaint, Plaintiffs contacted Mr. Pooke in an attempt resolve the dispute. (*Id.* ¶4.) During these communications, Mr. Pooke assured Plaintiffs that he is a resident of Great Britain. (*Id.* Ex. C.) As far as Plaintiffs can ascertain, Mortgages On Demand Limited's and Mr. Pooke's only connection to California is through Verisign, Inc., which owns the servers that host and hold the MOD.COM registration. (*Id.* ¶15.) Further, neither Mortgages On Demand Limited nor Mr. Pooke has any contractual relationship with Verisign, but instead they have a contract with the Canadian domain name registrar Tucows, Inc., which in turn has a contract with Verisign. (*Id.* ¶¶2, 15.)

Nor have Plaintiffs been able to identify any actions taken by Mortgages on Demand that were expressly aimed at California. Mortgages on Demand's actions consist of registering a domain name containing Plaintiffs' trademark and maintaining and operating a passive website, located at the MOD.COM domain name.[1] When a website advertiser does nothing more than register a domain name and publish a passive website, there is no basis for personal jurisdiction because the website at issue is not aimed at the residents of the forum state. *Pebble Beach*, 453 F.3d at 1157. Under the effects doctrine, something more is required to indicate that a person purposefully directed its activity in a substantial way to the forum state. *Id.* (citing *Rio Properties, Inc.*

---

[1] An interactive website allows Internet users to enter into business transactions with the website operator, and courts have held that when operators of an interactive website enter into business transactions with residents of a foreign jurisdiction, the website operator can properly be haled into the courts of that foreign jurisdiction. *Gator.com Corp. v. L.L. Bean, Inc.*, 341 F.3d 1072, 1078 (9th Cir. 2003). However, the Mod Website is passive rather than interactive, since the website only contains sponsored links, the website does not offer any products or services for sale, and website visitors cannot conduct business transactions through the Mod Website. (Calpotura Decl. ¶14 Ex. E.)

No. C07-03112 JSW                8                **REQUEST FOR FINDING OF LACK OF PERSONAL JURISDICTION**

1  *v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2000)); *Cybersell, Inc. v. Cybersell,
2  Inc.*, 130 F.3d 414, 418-20 (9th Cir. 1997).

3        The Mod Website is viewable generally throughout the world and does not target California consumers.  The Mod Website contains advertising links for the British armed forces, such as links for the "Royal Airforce," "British Army Surplus Stores," "Royal British Army," "Uk Military Clothing," "Army Careers," "Marine Corps Recruiting," "Homeland Security," and "Uk Navy."  (Calpotura Decl. ¶14 Ex. E.)  The Mod Website does not mention California, or anything associated with California, does not contain advertisements targeted at California consumers, nor does it offer any interactivity with California consumers.  (*Id.*)  Thus, the registrant of the Defendant Domain did not purposefully avail itself of the privileges of conducting business in California, nor did the registrant purposefully direct activities toward California.

### c. Plaintiffs' Cybersquatting Claim Does Not Arise Out of or Result From Mortgages On Demand Limited's or Robert Pooke's Forum-Related Activities.

      There is no indication that any of Mortgage on Demands' misconduct occurred in California.  Mortgage on Demands' resides and operates the MOD.COM website in Great Britain.  The registrar of the Disputed Domain, Tucows, Inc., and the IP address associated with the Mod Website are located in Canada.  (*Id.* ¶2 Ex. A.)  Moreover, the MOD.COM Website does not target California consumers, primarily displaying links of interest to people in Great Britain.  Thus, the offending actions—namely using Plaintiffs' trademark in a domain name, and operating a website located at a domain name consisting of Plaintiffs' trademark—do not arise out of Mortgages On Demand Limited's forum-related activities, since none exists.

### d. The Exercise of Jurisdiction Over Defendants is Unreasonable

      Because Mortgages on Demand did not purposefully avail itself of the privileges of conducting activities in California, and Plaintiffs' claims do not arise out of Mortgages On

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  Demand Limited's or Mr. Pooke's forum related activities, the exercise of personal
2  jurisdiction over Mortgages on Demand would be unreasonable.

### 3. Subject Matter Jurisdiction is Proper in this District.

The Lanham Act expressly provides for jurisdiction in the judicial district in which the domain name registrar, domain name registry, or other domain name authority that registered or assigned the domain name is located. 15 U.S.C. §1125(d)(2)(A). Here, the registry for the Disputed Domain is Verisign, Inc., which has its principal place of business in Mountain View, California, which is located in this judicial district. (Calpotura Decl. ¶15 Ex. F.)

### CONCLUSION

For all the reasons set forth above, the Court should grant Plaintiffs' Request for Finding of Lack of Personal Jurisdiction Over Domain Name Registrant and Effective Notice Thereon.

DATED: November 13, 2007            **KRONENBERGER BURGOYNE, LLP**

By:      /s/
         Karl S. Kronenberger

Attorneys for Plaintiffs, ANN JENKINS
and ERNEST F. JENKINS, JR.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

No. C07-03112 JSW                 10                **REQUEST FOR FINDING OF LACK OF PERSONAL JURISDICTION**