**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Cal. Bar No. 226112)
Jeffrey M. Rosenfeld (Cal. Bar No. 222187)
Margarita Calpotura (Cal. Bar No. 244711)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158

Attorneys for Plaintiffs
ANN JENKINS and ERNEST F. JENKINS, JR.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANN JENKINS,** an individual, and **ERNEST F. JENKINS, JR.,** an individual,<br><br>                Plaintiffs,<br><br>        vs.<br><br>**TUCOWS, INC.**, a Pennsylvania corporation,<br><br>                Defendant. | Case No. C07-03112 JSW<br><br>**FIRST AMENDED COMPLAINT FOR CONVERSION AND TROVER** |

Case No. C07-03112 JSW                                                                **FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Ann Jenkins and Ernest F. Jenkins, Jr., ("Plaintiffs") through their attorneys, submit this First Amended Complaint and allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action to recover a domain name that an unknown party stole from Plaintiffs.

2. Plaintiffs are the rightful registrants of the domain name, MOD.com. In January 2007, an unknown party gained unauthorized access to Plaintiffs' registrar account associated with the domain name MOD.com, and transferred the domain name without Plaintiffs' authorization or consent.

3. The unknown thief transferred the domain name MOD.com from Plaintiffs' registrar, Network Solutions, to Defendant, Tucows, Inc. ("Tucows").

4. Despite the fact that Tucows was aware of the thief from prior incidents, had learned of the wrongful transfer of MOD.com, and had the legitimate capability to return the domain name to Plaintiffs, Tucows refused to return the domain name.

5. As a consequence of Defendant's intentional interference with Plaintiffs' rightful possession of MOD.com, Plaintiffs have suffered and continue to suffer significant harm.

## JURISDICTION AND VENUE

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because the parties are citizens of different States and/or are citizens of a State and citizens of a foreign state. Specifically, Plaintiffs are citizens of Massachusetts and Defendant is a citizen of Pennsylvania and Ontario, Canada—*i.e.* Defendant is incorporated in Pennsylvania and has its principal place of business in Ontario, Canada.

7. The domain name MOD.com, constitutes an extremely valuable domain name, which would sell at public auction for an amount in excess of $75,000.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

Case No. C07-03112 JSW       1       **FIRST AMENDED COMPLAINT**

8. This Court has personal jurisdiction over Defendant Tucows because Tucows has significant and continuous contacts with the State of California such that the exercise of personal jurisdiction is appropriate. Tucows maintains substantial computer and communications hardware located in its facilities in San Jose, San Francisco, and Santa Clara, which it uses to provide domain name registration services. Tucows also operates an interactive commercial website, which targets consumers, a substantial number of whom, on information and belief, reside in California.

9. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the property that is the subject of the action—*i.e.* the domain name MOD.com—is situated in the District. Verisign, Inc. is the official registry for all .com and .net domain names. As the domain name registry for .com domain names, Verisign, Inc. manages the relationship between a domain name and the IP address for the computer system that hosts the website connected with a particular domain name. As a consequence, .com domain names, such as MOD.com, are thought to reside at Verisign, Inc., which maintains its principal place of business in the District, at 487 East Middlefield Road, Mountain View, California 94043.

**INTRADISTRICT ASSIGNENT**

10. For the purposes of Local Rule 3-2(c), this action arises in San Jose, where a substantial part of the events or omissions that give rise to the claims alleged herein occurred and in which a substantial part of the property that is the subject of this action is located.

**PARTIES**

11. Plaintiffs are individuals residing at 151 Westview Drive, Westford, Massachusetts 01886. Prior to the theft of the domain name MOD.com in January 2007, Plaintiffs were the lawful registrants of MOD.com.

12. Tucows, Inc. is a Pennsylvania corporation with its principal offices located at 96 Mowat Ave., Toronto, Ontario, Canada A6 M6K 3M1. Tucows is a certified domain

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1 name registrar, accredited by the Internet Corporation for Assigned Names and Numbers
2 ("ICANN").

## FACTS RELEVANT TO ALL CLAIMS

### Domain Name Registrars

13. ICANN is a technical coordination body, with its primary objective of ensuring the stability of the Internet's system of assigned names and numbers. ICANN has authority over generic Top Level Domains ("TLDs"), which include .com, .net, and .org.

14. ICANN accredits domain name registrars to register domain names to individuals and organizations ("registrants") on behalf of ICANN. There are numerous accredited registrars, which compete with one another for the business of domain name registrants. Defendant and Network Solutions represent two of the many accredited registrars.

15. Once a registrant registers a domain name, the registrant is permitted to transfer that domain name from an account with one registrar to an account with another registrar. The transfer process requires the consent of both the registrar of record and the gaining registrar.

16. On July 12, 2004, ICANN adopted a Policy on Transfer of Registrations between Registrars, which sets forth specific authentication requirements for both the registrar of record and the gaining registrar before they effect a domain name transfer. Prior to effecting any transfer, a gaining registrar must obtain express authorization from the registrant. The authorization must be made via a valid Standardized Form of Authorization, labeled the Initial Authorization for Registrar Transfer. A transfer must not be allowed to proceed if no confirmation is received by the Gaining Registrar.

17. Either the registrar of record or the gaining registrar should refuse to make a domain name transfer if there is evidence of fraud, there is a written objection from registrant, or if a reasonable dispute exists as to the identity of the registrant.

//

**Plaintiffs & MOD.com**

18. In 1994, Plaintiffs—and Plaintiffs' predecessor-in-interest in MOD.com, Advanced Modular Solutions, Inc. ("AMS")—registered the domain name MOD.com and set up an Internet website at this domain name. At the time, AMS was developing and marketing a suite of products and services including video streaming, video conferencing systems, web and media caching, fault-tolerant servers, storage systems, and computer consulting services.

19. Beginning in 1994, AMS began offering its products and services under the MOD trademark and began featuring its projects on its MOD.com website. During this time, the MOD.com website was frequently visited by customers and those interested in AMS's ongoing projects and development.

20. In December 2005 AMS transferred the domain name MOD.com, the trademark MOD, and all of AMS's other intellectual property and goodwill associated with this intellectual property to a newly formed company, Modular Services, LLC ("Modular Services").

21. Modular Services engaged in the same type of business as AMS, and it maintained the MOD.com website in the same manner, featuring the company's ongoing projects and research. Modular Services also continued to use the MOD trademark in connection with its business.

22. In December 2006, Modular Services transferred the domain name MOD.com and the trademark MOD, and all of the goodwill associated with these trademarks to Plaintiffs. After this transfer in December 2006, and until the Disputed Domain was misappropriated in January 2007, Plaintiffs continued to maintain an Internet website visited by thousands of Internet users each month.

23. Plaintiffs and their predecessors-in-interest used the domain name MOD.com, and the trademark MOD, continuously from 1994 until the unauthorized transfer of MOD.com on January 19, 2007.

//

## The Theft of MOD.com

24. In January 2007, an unknown person (the "Thief") gained unlawful access to Plaintiffs' email account.

25. Having gained access to Plaintiffs' email account, on January 19, 2007, the Thief requested that Network Solutions change the username and password for Plaintiffs' Network Solutions account, which held the domain name MOD.com. Network Solutions sent an automatic email to Plaintiffs' email account—which the Thief had accessed—enabling the Thief to change the username and password for Plaintiffs' Network Solutions account.

26. The same day that the Thief had changed the username and password for Plaintiffs' Network Solutions account, the Thief began the process of transferring MOD.com to an account the Thief had created with the Defendant.

27. On January 19, 2007, Network Solutions sent an email to Plaintiffs, notifying them of the request to transfer MOD.com to the Defendant. However, because the Thief had gained access to Plaintiffs' email account, the Thief deleted the email before Plaintiffs had an opportunity to review it.

28. On information and belief, Defendant failed to notify Plaintiffs of the requested domain name transfer.

29. On information and belief, Defendant failed to obtain express authorization from the Plaintiffs prior to effecting the domain name transfer.

30. On January 19, 2007, Network Solutions transferred MOD.com to the Defendant.

31. That same day, once the Defendant had received the domain name, the Thief changed the registration information for the Thief's account with the Defendant. The Thief changed the account to list an address in Denmark and the email address chorecom@gmail.com. On information and belief, on February 1, 2007, the Thief again changed the information for his/her account with the Defendant, to list the registrant of MOD.com as Robert Pooke residing in Kent, United Kingdom.

### Defendant's Knowledge of the Thief

32. On information and belief, prior to the misappropriation of MOD.com, the Thief had engaged in a pattern and practice of unlawfully transferring others' domain names.

33. On information and belief, Defendant was aware that prior to the misappropriation of MOD.com, hackers, such as the Thief, had accessed others' registrar accounts and effected unlawful transfers.

34. On information and belief, Defendant was aware of the Thief and the Thief's unlawful activities before the Thief effected the unauthorized transfer of MOD.com.

35. On information and belief, the email address that the Thief used to register MOD.com with Defendant was on a watch list, to which Defendant had access.

36. Despite the foregoing, Defendant enabled the Thief to create an account with the Defendant, and to transfer MOD.com to this account.

### Plaintiffs' Efforts To Get Defendant To Return MOD.com

37. On January 20, 2007, Plaintiffs discovered that the Thief had transferred MOD.com to the Thief's account with the Defendant.

38. Plaintiffs immediately contacted Network Solutions in an attempt to understand what had occurred. On February 7, 2007, when Plaintiffs learned that the Thief had transferred MOD.com to the Thief's account with the Defendant, Plaintiffs contacted the Defendant and explained that the transfer was unauthorized and that any email confirmations were fraudulent. Plaintiffs demanded that the Defendant return the domain name to them.

39. While Defendant possessed control over MOD.com—and still does—it refused to return the domain name to Plaintiffs.

40. Instead, over the next couple of months, Defendant claimed that it was talking about the wrongful transfer with Network Solutions, and how it could help remedy the situation. On information and belief, during this time, Defendant acknowledged that the transfer of MOD.com was fraudulent and that Defendant had a history with the Thief.

1  During this time, Plaintiffs made repeated demands to Defendant to return MOD.com to
2  Plaintiffs.

3  41.  On information and belief, Defendant took no steps to contact the Thief or
4  any subsequent registrant of MOD.com, to verify the legitimacy of the transfer.

5  42.  By April 20, 2007, the Defendant had still refused to return the MOD.com
6  domain to Plaintiffs, even though Defendant assured Plaintiffs that it was trying to find a
7  way in which it could work this through to a positive end.

8  43.  Even though the Defendant had acknowledged that the Thief had
9  transferred the domain name to Defendant unlawfully, Defendant took the position that
10 because the Thief had used Plaintiffs' legitimate email account to effect the transfer, the
11 transfer itself was legitimate, and Defendant would not return MOD.com to the Plaintiffs.

## FIRST CLAIM FOR RELIEF – TROVER & CONVERSION

13 44.  Plaintiffs re-allege and incorporate by reference each and every allegation
14 set forth in Paragraphs 1 through 43, inclusive.

15 45.  Plaintiffs are the registrant of the domain name MOD.com and have the
16 right to possess the domain name.

17 46.  Since January 20, 2007 Defendant has had control over the domain name
18 MOD.com, including the ability to return this domain to Plaintiffs.

19 47.  Since January 20, 2007 Defendant has known that the domain name
20 MOD.com had been wrongfully transferred from Plaintiffs' account with Network
21 Solutions to the Thief's account with the Defendant.

22 48.  Despite Plaintiffs' demands that Defendant return the domain name, and
23 despite Defendant's knowledge of the wrongful transfer, and despite Defendant's ability
24 to return the domain name to Plaintiffs, Defendant has refused to do so, interfering with
25 Plaintiffs' possession of the domain name.

26 49.  As a consequence, Plaintiffs have suffered and continue to suffer damages.
27 //
28 //

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray this Court enter judgment in his favor on the claims set forth above, and further prays an award to Plaintiffs of:

1. A preliminary and permanent injunction and judgment ordering the Defendant to transfer the registration and control of the MOD.com domain name to Plaintiffs; and

2. Such further relief to which Plaintiffs may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Respectfully Submitted,

DATED: April 22, 2008

                              **KRONENBERGER BURGOYNE, LLP**

By: _____
Karl S. Kronenberger
Attorneys for Plaintiffs

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby demand a trial of this action by jury.

DATED: April 22, 2008

                                         **KRONENBERGER BURGOYNE, LLP**

By: _/s/ Karl S. Kronenberger_
Karl S. Kronenberger
Attorneys for Plaintiffs

Case No. C07-03112 JSW           9           **FIRST AMENDED COMPLAINT**