Bret A. Fausett (SNB 139420)
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1150
Los Angeles, CA 90071
Tel.    (213) 229-2400
Fax.    (213) 229-2499

Attorneys for Defendant
TUCOWS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| ANN JENKINS, an individual, and ERNEST F. JENKINS, JR., an individual,<br><br>Plaintiffs,<br><br>v.<br><br>TUCOWS, INC., a Pennsylvania corporation,<br><br>Defendant. | CASE No. C07-03112 JSW<br><br>JUDGE:    Jeffrey S. White<br><br>DEFENDANT TUCOWS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>DATE:    July 18, 2008<br>TIME:    9:00 a.m.<br>Courtroom:    2<br><br>Action Filed: June 13, 2007 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 18, 2008 at 9:00 a.m. or as soon thereafter as the parties may be heard, Defendant Tucows, Inc. ("Defendant") will move this Court, at the United States Courthouse located at 450 Golden Gate Ave., San Francisco, California Courtroom 2, through its undersigned attorney, for dismissal under Fed. R. Civ. P. 12(2)(b) of the First Amended Complaint of Plaintiffs Ann Jenkins and Ernest F. Jenkins, Jr. ("Plaintiffs"), on the grounds that this court lacks jurisdiction over the Defendant.

Therefore, Defendant respectfully requests that this Court:

1. Dismiss the Plaintiffs' First Amended Complaint;
2. Award Defendant costs of suit; and
3. Award Defendant any other relief to which Defendant is entitled.

This motion is based on this Notice of Motion and Motion, the accompanying Declaration of Adam Eisner, the Memorandum of Points and Authorities, and the pleadings and papers on file in this action.

DATED: May 21, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: _____
BRET A. FAUSETT

Attorneys for Defendant TUCOWS, INC.

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I. INTRODUCTION ..............................................................................................................1

II. PROCEDURAL HISTORY................................................................................................1

III. FACTS ................................................................................................................................3

IV. ARGUMENT ......................................................................................................................4

    A. NO PERSONAL JURISDICTION ........................................................................4

    B. CONCLUSION ......................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Calder v. Jones*,
   465 U.S. 783 (1984) .................................................................................................... 6

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ..................................................................................... 2

*International Shoe Co. v. Washington*,
   326 U.S. 310 (1945) .................................................................................................... 4

*Lake v. Lake*,
   817 F.2d 1416 (9th Cir. 1987) ................................................................................. 5, 6

*Schwarzenegger v. Fred Martin Motor Co.*,
   372 F.3d 979 (9th Cir. 2004) ............................................................................. 4, 5, 6

*Sher v. Johnson*,
   911 F.2d 1357 (9th Cir. 1990) ..................................................................................... 4

**Statutes**

15 U.S.C. §1125(a) ............................................................................................................ 2

15 U.S.C. §1125(d)(2)(A)(ii)(I) ........................................................................................ 2

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 6

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is filed by a Massachusetts couple seeking to claim title over a domain name, MOD.COM, currently registered to a non-party individual in the United Kingdom, and registered through a domain name registrar in Toronto, Canada. This case has no connection to California, and this Court must dismiss it for lack of personal jurisdiction.

More troubling than the baseless claims of jurisdiction, however, is the procedural history that has brought this case to this point. As detailed below, pleadings and supporting declarations filed earlier in the case stand in direct opposition to the claims of jurisdiction Plaintiffs make now. Plaintiffs have no legal compass guiding their claims. What started as a trademark infringement action under the Lanham Act has turned completely in a different direction into a state law tort claim against an entirely new party. What the procedural history makes clear is that Plaintiffs are playing a sharp game against non-resident defendants, hoping to convert default judgments in a court without jurisdiction into claims of right. This cannot be permitted.

## II. PROCEDURAL HISTORY

Ann Jenkins and Ernest F. Jenkins, Jr. ("Jenkins" or "Plaintiffs") filed this action on June 13, 2007 as a trademark infringement action under the Lanham Act. *See*, Complaint for Cybersquatting In Rem, filed June 13, 2007 (Docket Entry #1). The gravamen of that Complaint was that Plaintiffs had acquired certain trademark rights in the initials "MOD" (Complaint, at ¶16) and that the registrant of the domain name "MOD.COM" was causing consumer confusion in the marketplace (*Id.*, at ¶¶21-23) in violation of Section 43(d) of the Lanham Act (*Id.*, at ¶27). Rather than name the domain name's registrant as a party,[1] Plaintiffs instead filed the Lanham Act action *in rem*, against the domain name itself. Not surprisingly, the non-resident UK domain name registrant did not appear, and the domain name did not hire its own counsel. Accordingly, until this moment, this case has proceeded with Plaintiffs alone.

---

[1] The domain name at the center of this dispute is registered to Mortgages On Demand Limited, Cartref Garden Road, Bromley, Kent, UK BR1 3LU, Great Britain.

1

DEFENDANT TUCOWS, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS FOR LACK OF JURISDICTION

Case No. C07-03112 JSW

In order to proceed *in rem* against a domain name under the Lanham Act, a Plaintiff first is required to establish that it "is not able to obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action." 15 U.S.C. §1125(d)(2)(A)(ii)(I). Here, on November 13, 2007, Plaintiffs filed a "Request for Finding of Lack of Personal Jurisdiction Over Domain Name Registrant," Docket No. 18, in which it argued, at length, that: the domain name registrant had not purposefully directed its activity to California (at 7-8); the MOD.COM website was not specifically targeting California consumers (at 9); the "registrar of the Disputed Domain, Tucows, Inc., and the IP address associated with the Mod Website are located in Canada" (at 9); and that the exercise of personal jurisdiction was unreasonable (at 9-10). Accordingly, on November 19, 2007, this Court granted Plaintiffs' unopposed request (Docket No. 21).[2]

Given permission to proceed *in rem*, Plaintiffs filed an application for a default judgment on on December 18, 2007 (Docket No. 23). Plaintiffs' default application was referred to U.S. Magistrate Judge Edward M. Chen (Docket No. 27) for review and recommendation.

In reviewing Plaintiffs' unopposed default application (Docket No. 28), Magistrate Judge Chen noted that the test of whether to grant a default application depended on application of seven elements set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). *See*, Order re: Supplemental Briefing and/or Evidence, April 2, 2008 (Docket No. 28). Reviewing Plaintiffs' application, the Court noted that "Plaintiffs have failed to discuss any of the *Eitel* factors." In particular, the Court stated that it had "concerns" in this case about the second *Eitel* factor ("the merits of plaintiff's substantive claim") as well as the third ("the sufficiency of the complaint"). *Id.* at 2. As a consequence, Magistrate Judge Chen concluded:

> For the foregoing reasons, the Court orders that Plaintiffs provide supplemental briefing and/or evidence to support their contention that the mark MOD is entitled to trademark protection under 15 U.S.C. §1125(a). The supplemental papers shall be filed within one week of the date of this order.

---

[2] Plaintiffs are individuals residing in the Commonwealth of Massachusetts. While they claim that their contractual interests in MOD.COM have been taken from them wrongfully by a UK resident, they offer no explanation as to why they have not filed their claims against the thief itself in Massachusetts.

2

DEFENDANT TUCOWS, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS FOR LACK OF JURISDICTION

Case No. C07-03112 JSW

1  *Id.* at 5.

2  Rather than come forward with any additional briefing or evidence in support of their federal trademark allegations, the Plaintiffs abandoned their Lanham Act claim altogether. Instead, on May 1, 2008, Plaintiff's filed a First Amended Complaint, dropping any allegations of federal trademark infringement and stating only state law tort claims against a *new* non-resident defendant, Tucows, Inc. ("Tucows").

## III. FACTS

According to their First Amended Complaint, the Jenkins Plaintiffs are the third registrants of MOD.COM since the name was registered originally in 1994. The original registrant was Advanced Modular Solutions, Inc., which used the name for eleven years, from 1994 through December, 2005. *See*, FAC, at ¶¶18-20. In December, 2005, Advanced Modular Solutions, Inc. transferred the name as part of an asset sale to Modular Services, LLC. FAC, at ¶20. Just one year later, in December, 2006, the Jenkins allegedly purchased the domain name from Modular Services, LLC. FAC, at ¶22. One month after the Jenkins' alleged purchase from Modular Services, LLC, however, the domain name was transferred to yet a fourth registrant, Mortgages On Demand, Ltd., a company based in the United Kingdom. *See*, Complaint, Filed, at ¶9. The registrant of record for MOD.COM, as reflected by the relevant whois database, continues to be Mortgages On Demand, Ltd., with an address of Cartref Garden Road, Bromley, Kent, UK BR1 3LU, Great Britain. *Id.*

Defendant Tucows is the domain name registrar for the current registrant, Mortgages on Demand, Ltd. As noted in the FAC, Tucows is a Pennsylvania corporation with a principal place of business in Toronto, Ontario, Canada. FAC, at ¶12; *see also*, Declaration of Adam Eisner in Support of Tucows Motions to Dismiss ("Eisner Decl."), at ¶3. The registration transaction between Tucows, as the registrar, and its customer, the registrant, was a transaction between parties based in Canada (Tucows) and the United Kingdom (Mortgages on Demand, Ltd.).

As a domain name registrar, Tucows receives certain information from its customers which it then uses to provision domain names so the customer's domain name can be used on the Internet. *See*, Eisner Decl., at ¶5. This processing, implementation of management of Tucows' domain name

3

registrations each take place solely within Canada. All of Tucows registrar personnel are located in Toronto, Canada. *Id.*, at ¶6. Tucows has no registrar employees located this judicial district or anywhere else in the State of California. *Id.*, at ¶6. The Tucows infrastructure required to provision domain names for use on the Internet is located in Toronto, Canada. *Id.*, at ¶7. Tucows has no registrar infrastructure located in this judicial district or anywhere else in the State of California. *Id.*, at ¶7. All domain names registered through Tucows, as the domain name registrar, are handled by Tucows solely within its offices in Toronto, Canada. *Id.*, at ¶8. When Tucows registers a name on behalf of a customer in the .COM top-level domain, it connects its Toronto-based registrar systems to the .COM registry system based in Dulles, Virginia. The Internet Protocol ("IP") address to which Tucows connects for its registrar-registry connection is 198.41.3.53. As reflected in the authoritative IP Address whois, operated by the American Registry for Internet Numbers ("ARIN"), this IP address is assigned to "VeriSign Infrastructure & Operations" located in "Dulles, Virginia." *Id.*, at ¶9.

## IV. ARGUMENT

### A. NO PERSONAL JURISDICTION

This Circuit's requirements for the assertion of personal jurisdiction over non-resident defendants are well known. *See, Schwarzenegger v. Fred Martin Motor Co.*, 372 F.3d 979 (9th Cir. 2004). The plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Id.* at 800; *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). "For a court to exercise personal jurisdiction over a nonresident defendant, the defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwartznegger*, at 800, *quoting*, *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court can find that jurisdiction exists either *generally*, in which case the defendant's contacts are so continuous and systematic as to constitute approximate physical presence, or *specifically*, as when a defendant purposefully directs an activity into the jurisdiction and the claim at issue arises out of such activity. *Schwartznegger* is instructive on both.

In *Schwartznegger*, Arnold Schwartznegger, the Governor of California and former movie star, appealed the dismissal, for lack of personal jurisdiction, of certain right of publicity claims filed in the U.S. District Court for the Central District of California against Fred Martin Motor Company ("Martin"), an Ohio automobile dealership. At the heart of the dispute was Schwartznegger's claim that Martin had misappropriated the movie star's likeness for financial gain. Martin had purchased a full page advertisement in an Akron, Ohio newspaper encouraging prospective buyers to end their existing car lease arrangements early in order to buy one of Martin's new cars. The advertisement contained a picture of Governor Schwartznegger, in his film role as the Terminator, with the slug line "Arnold says 'Terminate EARLY at Fred Martin.'" *Schwartznegger*, at 799. As here, Schwartznegger's claims primarily were state law claims, with the federal court's jurisdiction measured by California's long-arm statute. *Id*. at 800-01. On analysis, the Court had little difficulty concluding that Schwartznegger could establish neither general nor specific jurisdiction.

Schwartznegger first argued that the District Court had general jurisdiction because: Martin regularly purchased Asian-made cars for resale from California importers; some of these import/sales contracts specified California choice of law; and, Martin regularly used a California-based direct marketing company. *Id*., at 801. The Court found these claims "quite implausibl[e]," as they "f[e]ll well short of the 'continuous and systematic' contacts" required to warrant general jurisdiction. *Id*.

With regard to specific jurisdiction, the *Schwartznegger* Court relied on its three-pronged test from *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). In order to meet the *Lake* test for specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Schwartznegger*, at 802, *quoting*, *Lake*, at 1421. Schwartznegger did not even meet the first prong. The Ninth Circuit, applying the effects tests of *Calder v. Jones*, 465 U.S. 783 (1984), found no evidence that Martin had expressly aimed his advertisement at California, only at Ohio.

Similarly, in this case, all the evidence with regard to the domain name MOD.COM is that the name was registered by a resident of the United Kingdom through a registrar based in Canada. Evening assuming, arguendo, that MOD.COM was somehow misappropriated from the Plaintiffs, the harm would have occurred in Massachusetts.

Here, even Plaintiffs understand that this Court does not have jurisdiction over Tucows. In order to proceed in *rem*, Plaintiffs argued that they had no personal jurisdiction over the real party in interest here, the domain name registrant, because the registrant was based in the United Kingdom. (Docket No. 18.) To support that pleading, Plaintiffs even relied upon the fact that the "registrar of the Disputed Domain, Tucows, Inc., and the IP address associated with the Mod Website are located in Canada." *See*, Docket No. 18, at p. 9. To change the arguments around completely, to fit a new theory of the case, is not only wrong, but shockingly unreasonable.

Nothing on the present facts entitles Plaintiffs to assert jurisdiction in this Court against this Defendant, and the case should be dismissed.

## B.   CONCLUSION

Pursuant to Fed. R. Civ. P. 12(b)(2), the Plaintiffs' First Amended Complaint must be dismissed.

Respectfully submitted,

DATED: May 21, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: _____
BRET A. FAUSETT

Attorneys for Defendant TUCOWS, INC.

6

DEFENDANT TUCOWS, INC.'S NOTICE OF MOTION AND
MOTION TO DISMISS FOR LACK OF JURISDICTION

Case No. C07-03112 JSW