IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANN JENKINS, et al.,

    Plaintiffs,

v.

TUCOWS, INC.

    Defendant.
_____/

No. C 07-03112 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 18, 2008, AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** Defendant's motion to dismiss.

    Each party shall have fifteen (15) minutes to address the following questions:

1. Plaintiffs have not requested jurisdictional discovery in their opposition brief? Do they request such discovery? If so, what specific discovery do they seek and on what basis do they contend they have made a prima facie showing entitling them to such discovery?

2. Do Plaintiffs contend that Defendant's private portfolio of domain names is sufficient to establish general jurisdiction?

   a. If so, what evidence do Plaintiff's have to demonstrate that these domain names comprise a substantial portion of Defendant's overall property?

3. Plaintiffs submit evidence of a California tax lien issued against Defendant as evidence in support of their argument that general jurisdiction exists. (Krishnan Decl. ¶ 12, Ex. O.) What is Defendant's response to this evidence?

4. In *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984), the court found that a plaintiff's residence in the forum state is not a requirement for specific jurisdiction and found that jurisdiction existed over a non-resident defendant in a case brought by a non-resident plaintiff, where plaintiff felt harm from defendant's conduct in the forum state. How would Defendant distinguish the *Keeton* case from this case?

5. a. Do Plaintiffs have evidence that Defendant was aware that the domain name Mod.com was located in California?

   b. What facts support a finding that Defendant expressly aimed its acts at California?

6. Are there any other issues the parties wish to address?

Dated: July 17, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE