United States District Court
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN JENKINS, et al., | |
| Plaintiffs, | No. C 07-03112 JSW |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PROCESS UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)** |
| ROBERT POOKE, | |
| Defendant. | |

Now before the Court for consideration is the Motion to Authorize Alternative Service of Process under Federal Rule of Civil Procedure 4(f)(3) filed by Plaintiffs Ann Jenkins and Ernest F. Jenkins Jr. (collectively "the Jenkins"). The defendant has not filed a brief in opposition to the Jenkins' motion. Having considered the Jenkins' papers, the lack of opposition, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing set for February 20, 2009 and GRANTS the motion to authorize alternative service of process. The case management conference shall remain on calendar on February 27, 2009 at 1:30 p.m..

**BACKGROUND**

On June 13, 2007, the Jenkins filed an initial *in rem* complaint alleging that Mortgages on Demand Limited engaged in cybersquatting of the website, Mod.com, in violation of Section

1  43 of the Lanham Act. The Jenkins attest that prior to filing the initial complaint they accessed
2  the WHOIS record for the disputed domain, and it revealed that Mod.com was registered to
3  Mortgages on Demand Limited and listed Robert Pooke ("Pooke") as the administrative
4  contact. The WHOIS record also provided Pooke's contact information as: Robert Pooke,
5  Cartref Garden Road, Bromley, Kent, UK BR1 3LU, Great Britain, robert@uk.com. (*See*
6  Docket No.1 (Complaint, ¶ 9).) The Jenkins attest that on June 22, 2007, they attempted service
7  of their original complaint and summons to Robert Pooke, Mortgages on Demand Limited,
8  Cartref Garden Road, Bromley, Kent, UK BR1 3LU, Great Britain, and to Mod.com, c/o Robert
9  Pooke, Mortgages on Demand Limited, Cartref Garden Road, Bromley, Kent, UK BR1 3LU,
10 Great Britain, by Registered International Mail with return receipt. (*See* Docket No. 5;
11 Declaration of Karl S. Kronenberger, ("Kronenberger Decl.") ¶¶ 3-4.) Neither the return receipt
12 nor the package was returned. (Kronenberger Decl. at ¶ 3.)

13 The Jenkins also attest that they attempted service of the original complaint and
14 summons to Pooke via electronic mail at robert@uk.com. (*Id*. at ¶ 3.) The Jenkins never
15 received a message stating that the electronic mail was undeliverable. (*Id*. at ¶ 4.) On August
16 10, 2007, the Jenkins again attempted service to Pooke via an international delivery courier
17 (Federal Express), but received no response. (*Id*.) However, the Jenkins maintain that they
18 have communicated with Pooke via electronic mail on two occasions, most recently on
19 February 3, 2009. (*See* Declaration of Ernest F. Jenkins Jr., ("Jenkins Decl.") ¶ 2; Supplemental
20 Declaration of Karl S. Kronenberger, ("Supp. Kronenberger Decl.") ¶ 3.) On November, 28,
21 2008, the Jenkins filed an amended complaint in which they name Pooke as a defendant and
22 allege claims for conversion and trover. The Jenkins now move the Court to permit them to
23 effect service on Pooke via electronic mail, international mail, and international courier.

**ANALYSIS**

25 Federal Rule of Civil Procedure 4(f) sets forth the manner in which a plaintiff may effect
26 service on an individual in a foreign country, and sets forth three alternatives. The plaintiff can
27 use any of the three provisions to effect service. *Rio Properties Inc. v. Rio International
28 Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002). Rule 4(f)(3) provides that service may be

2

effected "by other means not prohibited by international agreement as directed by the court."

Under the plain language of Rule 4(f)(3), a plaintiff must show that the "other means" is not prohibited by international agreement, such as the Hague Convention, and must obtain a court order to effectuate service in the desired fashion. *See Brockmeyer v. May*, 383 F.3d 798, 805-06 (9th Cir. 2004); *Rio Properties,* 284 F.3d at 1014. The Ninth Circuit has stated that courts have interpreted "other means" to include ordinary mail and electronic mail. *Brockmeyer*, 383 F.3d at 805-06, 808-809. The method of service authorized by the Court "must also comport with constitutional notions of due process." *Rio Properties*, 284 F.3d at 1016.

Article 10(a) of the Hague Convention permits service of process by mail "so long as the receiving country does not object." *Brockmeyer*, 383 F.3d at 803. The United Kingdom has not objected to Article 10(a) of the Hague Convention, so service by mail is permitted. *Brockmeyer*, 383 F.3d at 803 (noting that international registered mail service to the United Kingdom is allowed) (*citing* U.S. State Dep't, *Judicial Assistance in the United Kingdom (England, Scotland, Wales, and Northern Ireland), in Selected Materials in Int'l Litig. & Arbitration*, 689 PLI/Lit. 13, 325 (2003)); *see also EOI Corp., v. Medical Marketing*, 172 F.R.D. 133, 142 (D.N.J. 1997) (holding that the United Kingdom would permit service by mail and international courier). Further, the Jenkins have shown there are no other international agreements that would prohibit service of process in the United Kingdom via electronic mail, international mail, or international courier.

In this case, the Court concludes that the circumstances warrant alternative service of process. The Jenkins have presented evidence that they attempted to serve the original complaint on Pooke via Registered International Mail, but the return receipt was never returned.[1] The Jenkins were able to deliver service documents via an international courier (Federal Express) to Pooke's listed contact address. Though Pooke did not return the documents, the listed contact address is valid and therefore it is likely to get notice to him. (*See*

---

[1] This Court expresses no opinion on whether the Jenkins's prior actions would constitute effective service.

3

1 Jenkins Decl., Ex. A.) The Jenkins have also established that the electronic mail account they
2 have for Pooke has been an effective means of communicating with Pooke. (Supp.
3 Kronenberger Decl., Ex. B; Jenkins Decl., Ex. A.) Thus, the Court concludes that service by
4 electronic mail, international mail, and international courier will serve the purposes of ensuring
5 that Pooke receive adequate notice of this action and an opportunity to be heard. *See Rio*
6 *Properties*, 284 F.3d at 1016-17 (finding that service via electronic mail was "method most
7 likely to reach" defendant and concluding district court did not abuse discretion in authorizing
8 service via electronic mail).

9   Therefore, the Jenkins's motion is GRANTED, and it is HEREBY ORDERED the
10 Jenkins shall serve the Second Amended Complaint on Pooke at robert@uk.com, and via
11 international mail and international courier to "Cartef Garden Road, Bromley, Kent, Kent, UK
12 BR1 3LU, GB. It is FURTHER ORDERED that the Jenkins shall also file proof of service with
13 this Court.

14   **IT IS SO ORDERED.**

16 Dated: February 17, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4