UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANN JENKINS, *et al.*,

        Plaintiffs,

  v.

ROBERT POOKE, *et al.*,

        Defendants.

_____/

No. C-07-03112 JSW (EMC)

**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE; AND SETTING HEARING ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**(Docket No. 79)**

    Plaintiffs Ann Jenkins and Ernest F. Jenkins, Jr. ("Plaintiffs") have filed suit against Defendants Robert Pooke and Kevin Dillon for conversion and trover. *See* Docket No. 50 (second amended complaint). In January 2009, Plaintiffs voluntarily dismissed their claims against Mr. Dillon, leaving Mr. Pooke as the only remaining Defendant. After Mr. Pooke failed to respond to the summons and complaint, his default was entered on March 20, 2009. *See* Docket No. 78 (notice of entry of default). Thereafter, Plaintiffs filed a motion for default judgment against Mr. Pooke which the presiding judge, Judge White, referred to the undersigned for a report and recommendation.

    After reviewing Plaintiffs' motion, this Court issued an order asking Plaintiffs to provide supplemental briefing on the issue of whether there is personal jurisdiction over Mr. Pooke, who appears to reside in Great Britain. *See* Docket No. 86 (order, filed on 5/4/2009). Plaintiffs have

1  now provided that supplemental briefing and, having reviewed those supplemental papers, the Court
2  hereby requests additional information from Plaintiffs.

3       Plaintiffs claim that this court has specific jurisdiction over Mr. Pooke. Courts in the Ninth
4  Circuit use

> a three-part test to determine whether the exercise of specific jurisdiction over a nonresident defendant is appropriate: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. The plaintiff bears the burden on the first two prongs. If the plaintiff establishes both prongs one and two, the defendant must come forward with a compelling case that the exercise of jurisdiction would not be reasonable.

*Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (citations and quotations omitted). Although it is a defendant's burden to prove the third prong and, here, Mr. Pooke has not made an appearance, this Court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999) ("[W]hen a court is considering whether to enter a default judgment, it may dismiss an action sua sponte for lack of personal jurisdiction."); *see also Dennis Garberg & Assocs. v. Pack- Tach Int'l Corp.*, 115 F.3d 767, 722 (10th Cir. 1997) ("[A] district court must determine whether it has jurisdiction over the defendant before entering judgment by default against a party who has not appeared in the case."). *See, e.g.*, *Mwani v. bin Laden*, 417 F.3d 1, 14 (D.C. Cir. 2005) (addressing the reasonableness of exercising jurisdiction in default judgment context where the Defendant did not make an appearance). Accordingly, the Court orders Plaintiffs to provide supplemental briefing as to whether it is reasonable for a court in this District to exercise jurisdiction over Mr. Pooke.

///
///
///
///
///

2

The supplemental papers shall be filed -- and served on Mr. Pooke – within one week of the date of this order. Plaintiffs are also to serve a copy of this order on Mr. Pooke within three business days of the date of this order.

The Court shall hold a hearing on Plaintiffs' motion for default judgment on **June 24, 2009, at 10:30 a.m.**

IT IS SO ORDERED.

Dated: June 3, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3